IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENILIA FRANCIS, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 17-1270-RGA |
| | : Superior Court of the State of |
| ATLANTIC LAW FIRM, et al., | : Delaware in and for New Castle County |
| | : Case # N16L-07-076 JRJ |
| Defendants. | : |

Denilia Francis, New Castle, Delaware. Pro Se Plaintiff.

Joelle Eileen Polesky, Esquire, Stradley Ronon Stevens & Young, LLP, Wilmington, Delaware. Counsel for Defendant Ocwen Loan Servicing, LLC.

**MEMORANDUM OPINION**

November 17, 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

On September 6, 2017, Denilia Francis commenced this action when she filed a complaint against Defendants Atlantic Law Firm, Attorneys for Ocwen Loan Financing, and Ocwen Loan Servicing. (D.I. 2). On October 16, 2017, Francis requested that the case be treated as a notice of removal of Delaware State Court C.A. No. N16L-07-076-JRJ. (D.I. 7). Francis appears *pro se* and has been granted leave to proceed *in forma pauperis*.

## FACTUAL AND PROCEDURAL BACKGROUND

In her complaint, Francis alleges that debt collector Atlantic Law Firm is attempting to foreclose her property and has violated bankruptcy laws and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by threatening to foreclose and by harassing Francis and her family. (D.I. 2 at p.4). She seeks $540,000. (*Id.* at p.7). After the complaint was filed, Francis filed a document titled, "Motion for Removal to Federal Court / Motion to Stay State Court Case # N16L-07-076-JRJ." (D.I. 7).

The Court takes judicial notice that C.A. No. N16L-07-076-JRJ is a foreclosure action filed on July 14, 2016, in the Superior Court of the State of Delaware in and for New Castle County, *Deutsche Bank Trust Co. v. Francis*, C.A. No. N16L-07-076-JRJ. Francis was served on December 28, 2016, and she answered and filed a counterclaim. (*Id.* at D.I. 9 at Exs. F, G). In the counterclaim, Francis asserted claims of fraud, violations of the FDCPA, Delaware's Deceptive Practices Act, and the Fair Credit Reporting Act, as well as unlawful assignment of mortgage and extortion. (D.I. 11-7 at Ex. G at pp.4-5, 9-11 at ¶¶ 11, 15, 16, 22). On September 15, 2017, the

1

Superior Court entered summary judgment in favor of Deutsche Bank in the amount of $256,158.41. (*Id.* at Ex. H). Francis filed a notice of appeal the same day. *See Francis*, C.A. No. N16L-07-076-JRJ at BL-64, BL-65, BL-66. On October 17, 2017, Francis filed a notice of removal in the Superior Court removing the case to this Court. *See id.* at BL-67.

The Court takes judicial notice that on August 9, 2016, approximately one month after the foreclosure action commenced, Francis filed an action against Ocwen Financial Services, Inc. and its attorneys and Deutsche Bank Trust Company in the Court of Chancery of the State of Delaware, *Francis v. Ocwen Financial Services, Inc.*, C.A. No. 12661-VCMR. Francis appeared *pro se* and was granted leave to proceed *in forma pauperis*. *Id.* at BL-2. Francis sought to enjoin a trustee sale and/or sheriff proceeding and alleged that the defendants might be in violation of the FDCPA, 15 U.S.C. § 1692, used deceptive tactics and misrepresentation, and had no authority or legal standing to foreclose. *See id.* at BL-5.

The Chancery Court case was dismissed as frivolous on the grounds that Francis failed to demonstrate any irreparable harm, failed to present a colorable claim that supported enjoining foreclosure, failed to include Dozmitt Francis (also a record owner and mortgagee of the property at issue) as a party, and the deficiencies asserted by Francis were belied by the exhibits she submitted. *Id.* at BL-1, BL-3. When Francis did not file any exceptions to the letter decision and order dismissing the complaint, the letter decision and order were approved and adopted on September 9, 2016. *Id.* at BL-11. Francis sought reconsideration and stated that the FDCPA has rules concerning

2

debt collectors and creditors and that Ocwen is a debt collector acting outside the scope its capacity. *Id.* at BL-12. The Chancery Court denied her motion on October 19, 2016, stating that it agreed with the previously entered letter decision and order. *Id.* at BL-15.

## REMOVAL

**Legal Standard**. The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) also provides that the action may be removed by the defendant to the district court of the United States. *Id.* at § 1441(a). The statute is strictly construed, requiring remand to the state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District

3

Court is obligated to remand, *sua sponte*, to the state court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 678 F. App'x 56 (3d Cir. 2017).

**Discussion**. Francis commenced this matter as a civil action and then filed a notice that the case was a removal case from the Delaware Superior Court, C.A. No. N16L-07-076-JRJ, a case where she is a named co-defendant. Ocwen contends the removal is procedurally defective and moves for remand on the grounds the Court lacks jurisdiction, the removal was untimely, and Francis failed to obtain the consent to removal from her co-defendant in the foreclosure action. (D.I. 8).

The removal statute requires that "a notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. § 1446(b). Here, the notice of removal is not timely, having been filed on September 6, 2017, some nine months after service of C.A. No. N16L-07-076-JRJ, and well after the thirty-day time requirement as set forth by 28 U.S.C. § 1446(b).

In addition, Francis failed to comply with the requisites for removal. She did not provide for the Court's review any copies of process, pleadings, or orders from the State proceedings. *See* 28 U.S.C. § 1446(a). Nor did Francis obtain the consent of Delaware Superior Court co-defendant Dozmitt Francis as is required by 28 U.S.C.

4

§ 1446(b)(2)(A). It is well-established that removal, subject to only a few exceptions, requires unanimity among the defendants. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

Francis failed to timely file the notice of removal following service of the initial pleading in C.A. No. N16L-07-076-JRJ and failed to comply with the requisites for removal. This renders the removal procedurally defective. Therefore, the Court will summarily remand the case to the Superior Court of the State of Delaware in and for New Castle County.[1]

## SCREENING OF COMPLAINT

To the extent that Francis intended to file a new case (although that is far from clear), the instant Complaint is very similar to the complaint Francis filed in the Court of Chancery. Ocwen moves for dismissal on the grounds that the complaint fails to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 10). Given that Francis proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, the Court will screen the case as is statutorily required under 28 U.S.C. § 1915(e)(2).

**Legal Standard.** A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The

---

[1] The Court does not address the third ground for removal - jurisdiction - since the removal is procedurally defective on other grounds.

5

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Francis proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Francis leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A

6

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**Res Judicata**. Even were this Court to consider the claims raised by Francis in her initial pleading (D.I. 2), they are barred by reason of res judicata, or claim preclusion. Res judicata, or claim preclusion, applies where the party invoking it establishes: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010). Res judicata "bars not only claims that were brought . . . , but also claims that could have been brought." *Id.*

The Court takes judicial notice of the claims raised in the Court of Chancery proceeding and finds that claims raised by Francis in the instant case are barred by res judicata. In the Court of Chancery case, Francis named as defendants Ocwen Financial Services and its attorneys (the same defendants as in the instant case) and

Deutsche Bank Trust Company. Francis sought to enjoin a trustee sale and/or sheriff proceeding and alleged that the defendants might be in violation of the FDCPA, 15 U.S.C. § 1692, used deceptive tactics and misrepresentation, and had no authority or legal standing to foreclose. In the instant case Francis alleges an attempt to foreclose her property and violations of bankruptcy laws and the FDCPA.

The Court of Chancery case, where Francis proceeded *pro se* and was granted *in forma pauperis* status, was dismissed as frivolous. She proceeds *in forma pauperis* in this Court. A dismissal under the *in forma pauperis* statute for frivolousness carries preclusive effect for purposes of any future *in forma pauperis* actions. *See Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal under § 1915(e) "could ... have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions"). The instant Complaint is clearly based upon the same transactions and occurrences at the center of Francis' Court of Chancery case. The claims do not differ in any significant way from her prior claims and, notably, the Court of Chancery found those claims frivolous. The Court concludes, therefore, that this action is barred by res judicata or claim preclusion.

**Abstention**. Ocwen seeks dismissal on the grounds that the claims now raised by Francis are inextricably intertwined with the Superior Court foreclosure case and, thus, are barred by the *Rooker-Feldman* Doctrine. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-*

---

[2]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia*

8

*Feldman* doctrine applies in a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of the appeal filed by Francis, the foreclosure proceedings remain pending in State Court. Therefore, the Court declines to apply the *Rooker-Feldman* doctrine.

However, abstention is appropriate under the *Younger* abstention doctrine, which provides that a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[3] *See Younger v. Harris*, 401 U.S. 37 (1971). Abstention is proper when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[4] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

---

*Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

[3]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785 n.1 (3d Cir. 1994).

[4]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

9

The *Younger* elements have been are met and none of the exceptions apply. First, there are on-going state proceedings for the foreclosure of real property, currently on appeal. Second, Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See, e.g., Almazan v. 1st 2nd Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, Francis has an adequate opportunity to raise any potential claims in state court. Accordingly, pursuant to *Younger* and its progeny, the Court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

## CONCLUSION

For the above reasons the Court will: (1) grant Ocwen's motion to remand (D.I. 8); (2) summarily remand the case to the Superior Court of the State of Delaware in and for New Castle County; (3) dismiss as moot Ocwen's motion to dismiss (D.I. 10); (4) abstain under the *Younger* abstention doctrine and, in the alternative, dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.